# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN HOWARD SHIFLETT,**

      Petitioner,

v.                                                                      **Civil Action No. 1:11cv128**
                                                                          **(Judge Keeley)**

**STATE OF WEST VIRGINIA,**

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

On August 10, 2011, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and a motion for leave to proceed *in forma pauperis*. On that same date, the Clerk of Court sent the petitioner a Notice of Guidelines for Appearing Pro Se in Federal Court by certified mail, return receipt requested. Service of the Notice was accepted by the petitioner, himself, on August 16, 2011. After granting the petitioner leave to proceed *in forma pauperis*, the undersigned conducted a preliminary review of the file on September 8, 2011 and found that the petition appeared to be untimely. Thus, the petitioner was issued a <u>Hill v. Brxton</u>[1] Notice and given twenty-eight days to respond. As of the date of this opinion, the petitioner has not filed a response. Moreover, after three attempts at delivery on September 12, 2011, October 5, 2011, and October 11, 2011, the Notice was returned with the notation: "Unclaimed Unable to Forward."

## I. Procedural History

**A.   Petitioners' Conviction and Sentence**

---

[1] 277 F.3d 701 (4th Cir. 2002). This Notice warned the petitioner that his case was subject to dismissal based on the one-year limitation period unless he could demonstrate that the petition was timely filed or that he was entitled to equitable tolling.

The petitioner indicates that he was convicted in the Circuit Court of Berkeley County in September of 2003 of Bank Robbery/Aggravated Robbery. He indicates that he was sentenced to a term of twenty (20) years in September of 2003.

**B.  Petitioner's Direct Appeal**

The petitioner maintains that he did not appeal his conviction.

**C.  Petitioner's State Habeas Petition**

The petitioner maintains that he filed a Writ of Habeas Corpus with the Circuit Court of Berkeley County on April 6, 2007, alleging ineffective assistance of counsel, incompetency, and that he was coerced into a plea by his counsel. He also maintains that an evidentiary hearing was conducted, and his petition was then denied on April 20, 2007. He also alleges that he appealed the denial of his habeas petition to the West Virginia Supreme Court on June 25, 2007, where it was refused on September 13, 2007.

**D.  Petitioner's Federal Habeas Petition**

In his petition pending before this court, the petitioner raises four grounds for relief. First, he claims ineffective assistance of counsel and complains that his counsel gave him no hope of an acquittal. Second, the petitioner raises the issue of his own incompetency and maintains that he was incapable of understanding the proceedings during his criminal case. Third, he alleges that his lawyer coerced him into a plea. Finally, he alleges bias upon the part of the trial judge. He concludes his petition by asking this court for "relief from the current judgment over me in Berkeley County Circuit Court September 2003." (dckt. 1, p. 13)

## II.  Timeliness of the Petitioner's Federal Habeas Petition

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was

enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[2] Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> ( C ) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Thus, absent any state court post conviction proceeding that would have tolled the federal limitation period,[3] the petitioner had one year from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

In this case, the petition is clearly untimely. The petitioner was sentenced in September of 2003. Because the petitioner did not file a direct appeal, his sentence became final when the time for seeking such review expired. Pursuant to Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure, a petition for appeal must be filed with the Clerk of the Circuit Court within four months of the entry of the circuit court order. Thus, in this case, the petitioner's sentence became final at

---

[2] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

[3] 28 U.S.C. § 2244(d)(2).

least by September 30, 2003, and he had until no later than January 27, 2004,[4] to timely file a federal habeas petition. The petitioner did not take any action during that one year period. In fact, the petitioner did not file his state habeas petition until April 6, 2007, after the one year limitations period had ended. Thus, his state habeas petition did not toll the one year limitations period. Therefore, because the statute of limitations had expired by January 27, 2004, and there is no event which tolled the statute of limitations, the petitioner filed his §2254 petition more than seven years after the statute of limitations had expired and it is, therefore, untimely.

The undersigned recognizes that the time limit to file a §2254 petition is a statute of limitations; therefore, it is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted). The petitioner has not responded to the Hill v. Braxton Notice, and therefore, has provided no argument from which the undersigned could conclude that he is entitled to equitable tolling, and his instant § 2254 petition should be dismissed as untimely.

### III. Alternate Basis for Dismissal

To invoke habeas corpus review by a federal court, the petitioner must satisfy two

---

[4] The petitioner does not give an exact date in September when he was sentenced. Accordingly, giving the petitioner the widest window of opportunity, the undersigned has assumed that his sentencing occurred on the last day of September.

jurisdictional requirements: the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a); See also Maleng v. Cook, 490 U.S. 488, 490 (1989); United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (denying a federal defendant's motion to vacate a restitution order because "by its plain terms, § 2255 [like § 2254, despite certain textual distinctions] is available only to defendants who are in custody and claiming the right to be released").

Although overlooked at the time the undersigned issued the Hill v. Braxton Notice, the petitioner answers that his place of confinement is "not applicable at this time." (Doc. 1, p.1). Moreover, a search of the West Virginia Division of Corrections website as well as that for the West Virginia Regional Jail and Correctional Facility Authority indicates that the petitioner is not in custody in the State of West Virginia. Therefore, the petitioner fails to satisfy the status requirement that he be "in custody" and this court has no ground upon which to entertain this petition.

### III. Recommendation

For the foregoing reasons, it is recommended that the petitioner's § 2254 petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice.**

Within fourteen (14) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. §

636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: December 21, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE